# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6140 | **DATE** | October 20, 2011 |
| **CASE TITLE** | Shauntae Robertson (#R-63300) vs. Leonal Palmer, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $40.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. Plaintiff may proceed only against Defendants Hardy, Pfister, Edwards, Palmer, Berkybile, and Williams, and only on his retaliation and conditions claims. On the court's own motion, the complaint is dismissed on initial review as to all other claims and Defendants pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for service on Defendants by the U.S. Marshal. The clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ **[For further details see text below.]**    **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, violated Plaintiff's constitutional rights by denying him due process, by retaliating against him, by initially denying his ensuing grievances, and by subjecting him to cruel and unusual conditions of confinement. Specifically, Plaintiff alleges that he was disciplined for exercising his right to voice his objections to being housed with a cellmate who had Hepatitis C; he further maintains that he was placed in a filthy cell in the segregation unit with an inmate who smeared the walls with feces. [The disciplinary charges were eventually expunged.]

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $40.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the
**(CONTINUED)**

mjm

preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Pursuant to 28 U.S.C. § 1915A, the court has conducted a threshold review of the complaint and concludes that Plaintiff's complaint articulates a colorable federal cause of action against Defendant Palmer for issuing a false and retaliatory disciplinary report, and against Defendants Hardy, Pfister, Edwards, Palmer, Berkybile, and Williams regarding the conditions of confinement in Stateville's disciplinary segregation unit.

An act taken by prison officials in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (finding that plaintiff had stated a valid cause of action for allegedly retaliatory disciplinary reports). Furthermore, the Eighth Amendment requires that inmates be furnished with basic human needs. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("The state must provide an inmate with a healthy, habitable environment") (citation omitted). Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994); *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

Not all of Plaintiff's claims will proceed, however. His disciplinary due process claim is summarily dismissed. The disciplinary conviction was ultimately expunged, thus curing any due process violation. There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. *See Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995). The administrative review process is part of the due process afforded prisoners. *Id.* Moreover, Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* Consequently, Defendants' initial failure to rule favorably on Plaintiff's grievances is not actionable under Section 1983. The clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants Hardy, Pfister, Edwards, Palmer, Berkybile, and Williams. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address

| STATEMENT (continued) |
|---|

provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(D)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases, *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. The court declines to do so in this case, as Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Taking anti-depressant medication does not give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally").

As a final concern, the court notes that Plaintiff has made a material omission to the court. The court's civil rights complaint form instructed Plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court . . . ." and warns that failure to do so may result in dismissal. (Complaint, p. 3, emphasis in original.) Despite the court's admonitions, Plaintiff disclosed only one of his four prior lawsuits, three of which are currently pending. The U.S. Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully disclose his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). Plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.